UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re CREDIT SUISSE – AOL SECURITIES LITIGATION | Case No. 1:02 CV 12146 (Judge Gertner) |
| This Document Relates To:<br><br>ALL ACTIONS | **REDACTED VERSION** |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY RELATED TO RENE M. STULZ'S COMPENSATION**

Pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37.1, Bricklayers and Trowel Trades International Pension Fund ("Plaintiff") respectfully moves for an order compelling production of certain documents and testimony pursuant to Plaintiff's July 18, 2008 letter to Daniel Schwartz of Davis Polk & Wardwell on behalf of Defendants[1] and Plaintiff's July 31, 2008 subpoena *duces tecum* to Cornerstone Research, Inc. ("Cornerstone"), a litigation consulting firm retained by Defendants in this matter. See Exhibits A and B to the Declaration of Melinda D. Rodon (the "Rodon Decl.") filed herewith, (attaching, respectively, the July 18, 2008 letter to Defendants and the July 31, 2008 subpoena *duces tecum* to Cornerstone). ■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

---

[1] "Defendants" as used herein refers to Credit Suisse Securities (USA) LLC, Credit Suisse (USA), Inc., Frank Quattrone, Elliott Rogers, Jamie Kiggen and Laura Martin.

1

███████████████████████████████ The parties have had multiple telephone conferences in an effort to resolve this dispute, but Defendants and Cornerstone[3] persist in refusing to fully produce the requested documents and testimony.

The information sought is not privileged and is a proper subject of discovery under Fed. R. Civ. P. 26. Plaintiff has narrowly tailored its requests to seek information concerning ███
████████████████████████████████████████████████████████████████████
███████████████████████████████ This information is necessary in order to determine Professor Stulz's compensation in this litigation, which Defendants are obligated to disclose under Fed. R. Civ. P. 26(a)(2)(B)(iv), as well as the veracity of Professor Stulz's prior statements concerning his compensation. Both of these subjects are relevant to Professor Stulz's credibility and independence as an expert witness. Additionally, in accordance with Fed. R. Civ. P. 45(c)(1), Plaintiff has made every effort to minimize any burden or expense on non-party Cornerstone by requesting its documents and testimony in Boston, Massachusetts, where the relevant Cornerstone office and documents are located. Accordingly, Plaintiff seeks an order of this Court compelling Defendants and Cornerstone to produce the requested documents concerning Professor Stulz's compensation, and compelling Cornerstone to produce documents[4] and a witness to testify concerning the topics described in the July 31, 2008 subpoena.

---

[2] ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

[3] Davis Polk & Wardwell is acting as counsel for Cornerstone with respect to the July 31, 2008 subpoena.

[4] To the extent that Plaintiff's document requests to Defendants and Cornerstone call for identical responsive documents, it is requested that either (but not both) of them produce the responsive documents.

## BACKGROUND

### A. Professor Stulz Has Made Conflicting Representations Concerning His Compensation

Over the course of the expert disclosures and discovery from class certification to present, Professor Stulz has made conflicting and incomplete statements about how he is compensated in this litigation. Professor Stulz was retained on or around October 2006 as an expert witness for Defendants, and submitted an expert report concerning class certification issues on April 26, 2007. Plaintiff deposed Professor Stulz on June 21, 2007 related to that report and questioned him about his compensation for work in this litigation. ███████

███████████████████████████████████████████████

███████████████████████████████████████████████

███ See Exhibit C at 19:9-25 to the Rodon Decl. (attaching an excerpt of the June 21, 2007 Stulz deposition transcript). █████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███ *Id.* at 21:24-22:5.[5]

On May 1, 2008, Professor Stulz submitted an expert report for trial purposes, ███

███████████████████████████████████████████████

████████████████████ However, on July 8, 2008, Professor Stulz submitted a corrected report, (the "Corrected Report"), with the following additional information

███████████████████████████████████████████████

███████

---

[5] ███████████████████████████████████████████████

3



[REDACTED] Hence, for the first time, on July 8, 2008 Professor Stulz disclosed [REDACTED]

[REDACTED] Plaintiff requested additional information from Defendants and Cornerstone. Plaintiff's requests seek information needed in order to understand [REDACTED] the nature of his relationship with Cornerstone, and the veracity of his prior representations under oath.

**B. Plaintiff's Requests For Documents From Defendants**

In its July 18, 2008 letter to Defendants, Plaintiff requested that Defendants produce: (1) all documents relating to any payments received by Professor Stulz from Cornerstone since 2002 (when this litigation was commenced); (2) all communications with Professor Stulz relating to his compensation in this litigation; (3) all documents which reflect any arrangements or agreements concerning past, present or future payments from Cornerstone; and (4) all documents related to Professor Stulz's participation in any training sessions or marketing events for Cornerstone.

In response to Plaintiff's letter, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Subsequently, following two telephone conferences with Defendants regarding the disputed document requests, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[6]▮▮▮▮▮ See Ex. D to the Rodon Decl. (attaching August 8, 2008 letter and document production marked C_0000001-9 from Daniel Schwartz of Davis Polk & Wardwell). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Nonetheless, Defendants refused to produce any further documents.

---

[6] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[7] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[8] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### C. Plaintiff's Subpoena *Duces Tecum* To Cornerstone

Additionally, ████████████████████████████████████████████████████████████████████████████████████████[9] Plaintiff issued a subpoena to Cornerstone on July 31, 2008 requesting documents and testimony[10] related to: (i) any agreement governing the relationship between Professor Stulz and Cornerstone and/or services to be provided by either party to the other; (ii) Professor Stulz's compensation, including any compensation agreements or arrangements, the rate(s) of compensation for any services provided by Professor Stulz, any amount(s) paid to Professor Stulz and the date(s) and reason for any payment(s); (iii) any compensation received by Cornerstone in connection with this litigation, including any compensation agreements or arrangements, the rate(s) of compensation for Cornerstone's services, any payment(s) received, and the date(s) and reason for any payment(s); (iv) any Cornerstone staff training sessions or marketing events in which Professor Stulz participated or was involved; and (v) Cornerstone's procedure(s) or program(s) for engaging or retaining outside faculty to serve as experts. The return date for the document production was August 15, 2008, and the 30(b)(6) deposition was noticed for August 29, 2008.

In response, Cornerstone objected to all document requests and indicated that it would not produce a witness pursuant to the subpoena. See Ex. E to the Rodon Decl. (attaching the August 14, 2008 letter from Daniel Schwartz of Davis Polk & Wardwell on behalf of Cornerstone). In a subsequent conference, Cornerstone maintained its refusal to produce any responsive documents or witness.

---

[9] ████████████████████████████████████████████████████████████████████████████

[10] The subjects for testimony requested were set forth separately from the document requests, but were substantively similar if not identical.

**D. At His Deposition,** █████████████████████████
████████████████████████

Plaintiff decided to proceed with Professor Stulz's deposition concerning his trial report on August 26, 2008, ████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████ See Ex. F to the Rodon Decl. at 144:25-145:14 (attaching portions of the transcript of the August 26, 2008 deposition of Professor Stulz).

████████████████████████████████
████████████████████████████████
████████████████████████████████
█████████████████████████ See *id.* at 108:22-109:24; 111:11-112:14. ████████████████
████████████████████████████████
███████████████████████████ *Id.* at 103:16-104:4; 107:24-111:10. █████████████████
████████████████████████████████
████████████████████████████████

7

██████████████████████████████ [11] *Id.* at 116:14-117:7; 123:6-16. ██████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████ *Id.* at 117:8-117:20. ████████████████

██████████████████████████████████████

██████████████████████████████████████ *Id.* at 126:24-128:2; 129:9-12. ████████████████

██████████████████████████████████████████████

██████████████████████████████████████

████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████ *Id.* at 149:12-25. ████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████

████████████████████ *Id.* at 106:6-8 and 107:21-23; 102:10-

---

[11] ████████████████████████████████████████

20; 106:20-107:10, and; 106:13-19, respectively. ▮



▮ *Id.* at 132:21-134:17 and 142:11-144:23.

Thus, there remain significant open questions concerning: ▮

## ARGUMENT

Plaintiff's motion to compel should be granted because the requested documents and testimony concerning the terms of Professor Stulz's engagement and compensation relate to his credibility and independence as an expert witness, and thus are well within the bounds of permissible discovery under the Federal Rules of Civil Procedure. Further, production of the requested documents and witness for deposition would not be unduly burdensome because many, if not all, of the relevant documents have likely already been gathered by Defendants, and the deposition was noticed for the city in which the witness likely resides.

### A. The Requested Information Is Discoverable Under the Federal Rules

Fed. R. Civ. P. 26 provides for broad discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" To that end, "Inquiries concerning a witnesses' credibility are relevant and thus reasonably calculated to lead to the discovery of admissible evidence…even if the information sought is not directly related to the subject of the underlying litigation." *Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001) (Gorton, J.) (permitting discovery of expert witness's involvement in prior litigation or disciplinary proceedings) (internal citations omitted). More particularly, it has been held that testifying experts' "compensation and the terms of their engagements obviously are relevant to the credibility of their testimony and should be discoverable[.]" *In re Parmalat Secs. Litig.*, No. 04 MD 1653(LAK), 2007 WL 1815461 at *1 (S.D.N.Y. June 25, 2007).

The requested documents and testimony here all relate to Professor Stulz's compensation and ██████████████████████████████████ and essentially seek to answer three questions: (i) whether Professor Stulz in fact misrepresented under oath his compensation in this case; (ii) whether any such misrepresentation was made in bad faith; and ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Thus, the requests all relate to Professor Stulz's credibility. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Thus, information regarding the entirety of his relationship

with Cornerstone, ███████████████████████████████
are relevant to answering the questions above, and hence, relevant to his credibility.[12]

Although neither Defendants nor Cornerstone have claimed that any of the requested materials are privileged, they nonetheless have refused to produce them, arguing that the requests are not relevant to any issue in this case and that they exceed the bounds of discovery provided for by Fed. R. Civ. P. 26(a)(2)(B)(iv).[13] These arguments are meritless. Defendants have no basis for reading the mandatory disclosure provision of Fed. R. Civ. P. 26(a)(2)(B)(iv) as the limitation of permissible discovery concerning testifying experts: the scope and limits of discovery are described by Rule 26(b), not Rule 26(a). As discussed above, the requested materials are well within the bounds of Rule 26(b) because they are relevant to Professor Stulz's credibility and independence.

### B. The Considerable Probative Value Of These Requests Outweighs The Minimal Burden Of Production

Evidence concerning Professor Stulz's credibility is not only relevant, but may be highly significant in light of the special emphasis jurors place on expert testimony. *U.S. v. Hines*, 55 F. Supp. 2d 62, 64 (D. Mass. 1999) (Gertner, J.) ("[a] certain patina attaches to an expert's testimony unlike any other witness; this is 'science,' a professional's judgment, the jury may think, and give more credence to the testimony than it may deserve."); *U.S. v. Catalan Roman*, 376 F. Supp. 2d 108, 116 (D.P.R. 2005) (stating that "the importance of the thorough and

---

[12] Likewise, Plaintiff's request to Cornerstone for documents concerning the terms of Cornerstone's compensation from Defendants was issued in the event that ███████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████
Similarly, the request to Cornerstone for documents concerning any expert compensation program was issued in the event that Cornerstone's policy for calculating and issuing payments to experts such as Professor Stulz may be contained in such documents. Hence, all of the requested documents ███████████████████████
██████████████████████████████ bear on his independence and credibility.

[13] This Rule requires testifying experts to disclose in their expert reports "the compensation to be paid for the study and testimony in the case."

effective rebuttal of an expert, to whom the jury may give undue credence, cannot be minimized."). As described more fully above, Plaintiff's document and testimony requests seek compensation information bearing on Professor Stulz's credibility which is not available from any other source: ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

Plaintiff has narrowly tailored its requests to seek only information concerning ███████

███████████████████████████████████████████████

█████████████████████████████ Moreover, any burden Defendants may claim regarding the requested document production is doubtful ███████████████████

███████████████████████████████████████████████

██████████████████████████[14]

With respect to the request that Cornerstone produce a witness to testify ███████ █████████████████████████, again, this testimony is needed because the information does not appear to be available from any other source: ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████ Plaintiff has attempted to minimize any burden upon Cornerstone in producing a witness by noticing the deposition for Boston, Massachusetts, where the witness is expected to reside. Thus, the value of this testimony should outweigh the minimal burden imposed.

---

[14] ███████████████████████████████████████████████ See Ex. F to the Rodon Decl. at 108:22-109:24 and 111:11-112:14.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court order production of the requested documents and testimony.

DATED: September 5, 2008                    KAPLAN FOX & KILSHEIMER LLP

                                By:  /s/ *Frederic S. Fox*

                                     Frederic S. Fox (admitted *pro hac vice*)
                                     Joel B. Strauss (admitted *pro hac vice*)
                                     Donald R. Hall (admitted *pro hac vice*)
                                     Melinda D. Rodon (admitted *pro hac vice*)
                                     850 Third Avenue, 14th Floor
                                     New York, NY 10022
                                     Telephone: 212-687-1980
                                     Facsimile: 212-687-7714

                                     *Lead Counsel for Lead Plaintiff and the Proposed Class*

                                     Edward F. Haber (BBO # 215620)
                                     Todd Heyman (BBO # 643804)
                                     SHAPIRO HABER & URMY LLP
                                     53 State St. 37th Floor
                                     Boston, MA 02109
                                     Telephone: 617-439-3939
                                     Facsimile: 617-439-0134

                                     *Liaison Counsel*

**CERTIFICATE OF SERVICE**

I, Melinda Rodon, declare that, on September 5, 2008, I caused the attached document to be served upon counsel by filing a true and correct copy via the Court's ECF system.

/s/ Melinda D. Rodon
Melinda D. Rodon