UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------- x
                                    )
IN RE CREDIT SUISSE – AOL           )   Case No. 1:02 CV 12146
SECURITIES LITIGATION               )   (Judge Gertner)
                                    )
                                    )
                                    )
This document relates to:           )
                                    )   Oral Argument Requested
ALL ACTIONS                         )
                                    )
----------------------------------- x

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Credit Suisse Securities (USA) LLC ("CSFB"), Credit Suisse (USA), Inc. ("Credit Suisse (USA)"), Jamie Kiggen, and Laura Martin (collectively, "Defendants") respectfully move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. As set forth in Defendants' Memorandum in Support of their Motion for Summary Judgment, filed under seal, Defendants are entitled to summary judgment on Plaintiff's § 10(b) claim for five independent reasons:

1. Plaintiff cannot establish that Defendants made any actionable omissions or misstatements;

2. Even if Defendants made actionable omissions or misstatements, Plaintiff cannot establish that they were material because they did not alter the total mix of information in the market about AOL Time Warner, Inc. ("AOL") or have any impact on AOL's stock price;

3. Plaintiff cannot establish the element of scienter because Defendants did not make the nonexistent alleged omissions or misstatements with intent or a high degree of recklessness;

4. Plaintiff cannot establish the element of loss causation because Defendants did not conceal any fact or risk previously unknown to the market. Moreover, the corrective disclosures upon which Plaintiff relies cannot establish loss causation because they are not connected to Defendants' statements, were previously disclosed or are solely based upon speculation; and

A/72735978.1

     5.    Defendants have rebutted the element of reliance (transaction causation) because CSFB's reports did not impact the market price of AOL stock, and Plaintiff cannot use its speculative and untestable "disclosure impact" theory to relieve itself of proving reliance.

Unable to establish the elements of a § 10(b) claim, see Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005) – and with no evidence of actual control by relevant Defendants – Plaintiff cannot support its § 20(a) claim, requiring summary judgment on that claim as well.[1]

For these reasons, as discussed in detail in Defendants' Memorandum in Support of their Motion for Summary Judgment, Defendants CSFB, Credit Suisse (USA), Jamie Kiggen, and Laura Martin respectfully ask the Court to:

    a.    Grant their Motion for Summary Judgment and enter Final Judgment for them on both counts of Plaintiff's Second Consolidated Amended Class Action Complaint; and

    b.    Grant such other relief as the Court deems just and proper.

---

[1] Should the Court wish to streamline the summary judgment process and focus on one area or argument in particular first, Defendants are amenable to that procedure, so long as it does not prejudice their rights to raise other arguments in this brief in the future. Furthermore, Defendants believe that the testimony of all four of the experts that Plaintiff will put forward in opposition to the motion for summary judgment is deficient as a matter of law. Although Defendants reserve the right to bring one or more motions to exclude such testimony as inadmissible under Federal Rule of Evidence 702 and the Supreme Court's decision in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), in the interest of efficiency, Defendants are refraining from anticipatorily filing any such motions at present in favor of filing more tailored motions if and as necessary once Plaintiff has filed any papers in opposition to Defendants' motion for summary judgment. Defendants respectfully request that, should the Court adopt an issue-specific briefing and hearing schedule, such a schedule specifically provide for these evidentiary motions to be heard before or at the same time as any hearing on Defendants' summary judgment motion.

A/72735978.1

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), defendants CSFB, Credit Suisse (USA), Jamie Kiggen, and Laura Martin ask that the Court grant a hearing on their Motion for Summary Judgment.

Respectfully Submitted,

| | |
|---|---|
| CREDIT SUISSE SECURITIES (USA) LLC, CREDIT SUISSE (USA), INC., AND JAMIE KIGGEN, | LAURA MARTIN, |
| By their attorneys, | By her attorneys, |
| /s/ Siobhan E. Mee<br>Robert A. Buhlman (BBO #554393)<br>Siobhan E. Mee (BBO #640372)<br>siobhan.mee@bingham.com<br>BINGHAM McCUTCHEN LLP<br>One Federal Street<br>Boston, MA 02110<br>Tel: (617) 951-8265<br>Fax: (617) 428-6327 | /s/ Eben P. Colby<br>James R. Carroll (BBO #554426)<br>Eben P. Colby (BBO #651456)<br>ecolby@skadden.com<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Beacon Street<br>Boston, MA 02108<br>Tel: (617) 573-4800 |

-and-

Lawrence Portnoy (*pro hac vice*)
Avi Gesser (*pro hac vice*)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
Fax: (212) 450-3800

*Attorneys for Defendants*
*Credit Suisse Securities (USA) LLC and*
*Credit Suisse (USA), Inc*.

-and-

Henry Putzel, III (*pro hac vice*)
LAW OFFICE OF HENRY PUTZEL III
565 Fifth Avenue
New York, NY 10017
Tel: (212) 661-0066
Fax: (212) 661-0415

*Attorney for Defendant Jamie Kiggen*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

    I hereby certify that I conferred with counsel for Plaintiff and that I attempted in good faith to resolve or narrow the issues raised in this Motion but have not been able to do so.

                                      /s/ Siobhan E. Mee
                                      Siobhan E. Mee

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and, except to the extent registered participants at the same firm(s) received copies electronically as identified on the Notice of Electronic Filing, paper copies will be sent to those indicated as non-registered participants by U.S. Mail on November 4, 2008.

                                      /s/ Siobhan E. Mee
                                      Siobhan E. Mee

                                      Bingham McCutchen LLP
                                      One Federal Street
                                      Boston, MA 02110