UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------- x
                                         )
IN RE CREDIT SUISSE – AOL                )
SECURITIES LITIGATION                    )  Case No. 1:02 CV 12146
                                         )  (Judge Gertner)
---------------------------------------- )
                                         )
                                         )
This document relates to:                )
                                         )
ALL ACTIONS                              )
                                         )
                                         )
                                         )
---------------------------------------- x

**DECLARATION OF AVI GESSER IN SUPPORT OF THE MOTION OF
DEFENDANTS CREDIT SUISSE SECURITIES (USA) LLC,
CREDIT SUISSE (USA), INC., FRANK QUATTRONE, ELLIOTT ROGERS,
JAMIE KIGGEN AND LAURA MARTIN TO PRECLUDE THE EXPERT
OPINIONS OF SCOTT D. HAKALA, M. LAURENTIUS MARAIS,
<u>BERNARD BLACK AND REINIER KRAAKMAN</u>**

AVI GESSER, pursuant to 28 U.S.C. § 1746, declares that the following is true and correct:

I am a member of the bar of the State of New York and a member of the firm of Davis Polk & Wardwell, attorneys for defendants Credit Suisse Securities (USA) LLC (formerly Credit Suisse First Boston LLC[1]) ("CSFB") and Credit Suisse (USA), Inc. (formerly Credit Suisse First Boston (USA), Inc.) ("Credit Suisse (USA)") in this action. I am admitted to this Court *pro hac vice*. I submit this declaration in support of the Motion of CSFB, Credit Suisse (USA), Jamie Kiggen, Laura Martin, Frank Quattrone and Elliott Rogers to preclude the expert opinions of Scott D. Hakala, M. Laurentius Marais, Bernard Black and Reinier Kraakman. I submit this declaration based on personal knowledge.

---

[1] Credit Suisse First Boston LLC was formerly known as Credit Suisse First Boston Corporation.

1.  Attached hereto as Exhibit 1 is a true and correct copy of the Affidavit of Scott D. Hakala, dated November 2, 2004, submitted in In re AOL Time Warner Inc. Sec. Litig. & "ERISA" Litig., MDL No. 1500 (S.D.N.Y.), and Appendix A thereto.

2.  Attached hereto as Exhibit 2 is a true and correct copy of the Expert Report of Scott D. Hakala, dated April 26, 2007, submitted in In re Xcelera.com, Inc. Sec. Litig., No. 00-CV-11649 (D. Mass.), without exhibits.

3.  Attached hereto as Exhibit 3 is a true and correct copy of the Declaration of Scott D. Hakala, dated February 28, 2007, submitted in In re Credit Suisse–AOL Sec. Litig., No. 1:02 CV 12146 (D. Mass.).

4.  Attached hereto as Exhibit 4 is a true and correct copy of the Expert Report of Scott D. Hakala, dated March 4, 2008, submitted in In re Credit Suisse–AOL Sec. Litig., No. 1:02 CV 12146 (D. Mass.).

5.  Attached hereto as Exhibit 5 is a true and correct copy of the Rebuttal Report of Scott D. Hakala, dated July 17, 2008, submitted in In re Credit Suisse–AOL Sec. Litig., No. 1:02 CV 12146 (D. Mass.).

6.  Attached hereto as Exhibit 6 is a true and correct copy of the transcript of the Deposition of Scott D. Hakala, dated July 10, 2007.

7.  Attached hereto as Exhibit 7 is a true and correct copy of the transcript of the Deposition of Scott D. Hakala, dated August 11, 2008, and the accompanying errata sheet.

8.  Attached hereto as Exhibit 8 is a true and correct copy of the Rebuttal Declaration of M. Laurentius Marais, dated July 16, 2008, submitted in In re Credit Suisse–AOL Sec. Litig., No. 1:02 CV 12146 (D. Mass.).

9. Attached hereto as Exhibit 9 is a true and correct copy of the transcript of the Deposition of M. Laurentius Marais, dated August 13, 2008.

10. Attached hereto as Exhibit 10 is a true and correct copy of the Expert Report of Bernard S. Black, dated July 17, 2008, submitted in In re Credit Suisse–AOL Sec. Litig., No. 1:02 CV 12146 (D. Mass.), which was marked as Exhibit 1 during the deposition of Professor Black.

11. Attached hereto as Exhibit 11 is a true and correct copy of the transcript of the Deposition of Bernard Black, dated August 19, 2008.

12. Attached hereto as Exhibit 12 is a true and correct copy of the Rebuttal Report of Reinier Kraakman, dated July 16, 2008, submitted in In re Credit Suisse–AOL Sec. Litig., No. 1:02 CV 12146 (D. Mass.).

13. Attached hereto as Exhibit 13 is a true and correct copy of the transcript of the Deposition of Reinier Kraakman, dated August 7, 2008.

14. Attached hereto as Exhibit 14 is a true and correct copy of the Declaration of René M. Stulz, dated April 26, 2007, submitted in In re Credit Suisse–AOL Sec. Litig., No. 1:02 CV 12146 (D. Mass.).

15. Attached hereto as Exhibit 15 is a true and correct copy of the Corrected Expert Report of René M. Stulz, dated July 8, 2008, submitted in In re Credit Suisse–AOL Sec. Litig., No. 1:02 CV 12146 (D. Mass.). This report has been designated Confidential.

16. Attached hereto as Exhibit 16 is a true and correct copy of the transcript of the Deposition of René M. Stulz, dated June 21, 2007.

17. Attached hereto as Exhibit 17 is a true and correct copy of the Expert Report of John Deighton, dated May 1, 2008, submitted in In re Credit Suisse–AOL Sec. Litig., No. 1:02 CV 12146 (D. Mass.). This report has been designated Confidential.

18. Attached hereto as Exhibit 18 is a true and correct copy of an excerpt from The Econometrics of Financial Markets, by John Y. Campbell et al. (1997).

19. Attached hereto as Exhibit 19 is a true and correct copy of an excerpt from David I. Tabak & Frederick C. Dunbar, Materiality & Magnitude: Event Studies in the Courtroom, in Litigation Services Handbook: The Role of the Financial Expert 19.5-19.6 (Roman I. Weil et al. eds., 3d ed. 2001).

20. Attached hereto as Exhibit 20 is a true and correct copy of an article by Imre Karafiath entitled Using Dummy Variables in The Event Methodology, 23 Fin. Rev. 351 (1988).

21. Attached hereto as Exhibit 21 is a true and correct copy of an article by Nihat Aktas et al. entitled Event Studies with a Contaminated Estimation Period, 13 J. Corp. Fin. 129 (2007).

22. Attached hereto as Exhibit 22 is a true and correct copy of a news article entitled AOL Time Warner Reports Second Quarter EBITDA of $2.5 Billion, Business Wire (July 18, 2001).

23. Attached hereto as Exhibit 23 is a true and correct copy of the Lehman Brothers January 31, 2002 research report for AOL Time Warner, Inc.

24. Attached hereto as Exhibit 24 is a true and correct copy of the Lehman Brothers February 20, 2002 research report for AOL Time Warner, Inc.

25. Attached hereto as Exhibit 25 is a true and correct copy of a chart summarizing event study calculations by René M. Stulz in conjunction with his Declaration dated April 26,

2007, submitted in <u>In re Credit Suisse–AOL Sec. Litig.</u>, No. 1:02 CV 12146 (D. Mass.), which was marked as Exhibit 2 during the deposition of Professor Stulz.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   April 21, 2009
              New York, New York

_____
Avi Gesser