UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE CREDIT SUISSE – AOL SECURITIES LITIGATION | Case No. 1:02 CV 12146 (Judge Gertner) |
| This document relates to: ALL ACTIONS | **Filed Pursuant to Leave Granted on March 19, 2010** |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants wish to notify the Court of the Second Circuit's recent decision in In re Omnicom Group, Inc. Securities Litigation, No. 08-0612-cv (2d Cir. March 9, 2010), a copy of which is attached as Exhibit A. Defendants rely on the district court's decision in In re Omnicom Group, Inc. Securities Litigation, 541 F. Supp. 2d 546 (S.D.N.Y. 2008) in their pending motions before this Court for summary judgment [Dkt. ## 270, 271, 272] and to preclude Plaintiff's experts [Dkt. # 303].[1] Defendants additionally wish to notify the Court of the Fifth Circuit's recent decision in Archdiocese of Milwaukee Supporting Fund, Inc. v. Halliburton Co., No. 08-11195 (5th Cir. Feb. 12, 2010), a copy of which is attached as Exhibit B. Defendants submit that this decision is highly relevant to issues of loss causation raised in Defendants' motions.

The decisions provide additional support for the following arguments made in support of Defendants' motions:

---

[1] (See Defendants' Memorandum in Support of Their Motion for Summary Judgment [Dkt. ##279, 300] ("Defs.' S.J. Mem.") 57, 63, 64; Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment [Dkt #296] ("Defs.' S.J. Reply Mem.") 16, 18, 19; Defendants' Memorandum in Support of Their Motion to Preclude Plaintiff's Experts [Dkt. #304] ("Defs.' Preclusion Mem.") 7.)

1. **Submitting an expert report is not enough to defeat summary judgment**. In Omnicom, the Second Circuit rejected the plaintiffs' contention that they had raised a genuine issue of material fact precluding summary judgment on the issue of loss causation simply by submitting an expert report from Dr. Hakala (who is also Plaintiff's expert in this case). (Ex. A at 22.) Instead, the Second Circuit held that "summary judgment is not per se precluded because there are conflicting experts" where, as here, the plaintiff's expert "is insufficient to permit a rational juror to find in favor of the plaintiff." (Id.) Plaintiff has made exactly the same argument here and it should be rejected here as well. (Defs.' S.J. Reply Mem. 16 n.12.)

2. **Negative recharacterizations of previously disclosed news are not new corrective disclosures**. In Omnicom, the Second Circuit joined the Third, Fourth and Fifth Circuits in holding that negative recharacterizations of previously disclosed information cannot "constitute a corrective disclosure of anything but the [author's] opinions." (Ex. A at 21-22.) "To hold otherwise would expose companies and their shareholders to potentially expansive liabilities for events later alleged to be frauds, the facts of which were known to the investing public at the time but did not affect share price, and thus did no damages at that time to investors." (Id. at 26.) This doctrine does away with many of Plaintiff's alleged corrective disclosures and materializations of risk in this case (see Defs.' S.J. Mem. 61-62; Defs.' S.J. Reply Mem. 18-20) – most notably, the February 20, 2002 Lehman Brothers report, which merely discussed in a more negative light the same information that the same analyst had disclosed a month earlier, and which had been public knowledge since November 2001. (Defs.' S.J. Mem. 64; Defs.' S.J. Reply Mem. 19-20; Defendants' Supplemental Memorandum in Support of Their Motion for Summary Judgment [Dkt #323] ("Defs.' Supp. S.J. Mem.") 5; Defs.' Preclusion Mem. 9, 12; Defs.' Preclusion Reply Mem. 13.)

**3.     It is the plaintiff's burden to disaggregate confounding factors**. In Omnicom, the Second Circuit held that even as the nonmoving party on a motion for summary judgment, the plaintiff has the burden to come forward with sufficient evidence to prove that at least a portion of a stock price decline due to a purported correct disclosure was actually caused by revelation of the fraud or materialization of the specifically concealed risk. (Ex. A at 16-17 & n.3.) This means that the plaintiff must be able to disaggregate confounding factors because otherwise, the plaintiff "cannot show that at least some of the price drop was due to the fraud." (Id. at 17 n.3; Ex. B at 19 ("By failing to provide empirical data to account for other negative news in the disclosure . . . , [plaintiff's expert] failed to provide the necessary linkage between the change in stock price and the allegedly culpable information . . . ."); see also id. at 16-17.) Dr. Hakala's failure to disaggregate confounding factors in this case means that the Plaintiff cannot satisfy its burden to survive summary judgment. (See Defs.' S.J. Mem. 63-65; Defs.' S.J. Reply Mem. 18; Defs.' Preclusion Mem. 8-10; Defs.' Preclusion Reply Mem. 10-12; Defendants' Notice of Supplemental Authority [Dkt. #334] ("7/30/09 Notice of Supp. Authority") 3.)

**4.     An expert may not defeat summary judgment through testimony unsupported by the record**. In Omnicom, the Second Circuit rejected Dr. Hakala's testimony as competent proof of loss causation, holding that his "testimony does not suffice to draw the requisite causal connection between the information in the [claimed corrective disclosure] and the fraud alleged in the complaint." (Ex. A at 23.) The Second Circuit explained that Dr. Hakala's study was either "as a matter of law, unsustainable" because it "runs squarely into the undisputed fact that the [allegedly disclosed information] was known" a year earlier, or "irrelevant" because the disclosures "were not proximately caused by the fraud alleged." (Id.)

As he did in Flag Telecom, and he has done in this case, Dr. Hakala's event study in Omnicom "merely 'links the decline in value of [the company's] stock to various events.'" (Ex. A at 23 (quoting In re Flag Telecom Holdings, Ltd. Securities Litigation, 574 F.3d 29, 41 (2d Cir. 2009) (alteration in original).) The Second Circuit has therefore rejected Dr. Hakala's opinion for a second time in the last eight months based on one of the same reasons that Judge Zobel did so in Xcelera, 2008 U.S. Dist. LEXIS 77807, at *3-4: because his event study relied upon irrelevant event dates on which the supposed "corrective disclosures" were unrelated to the alleged fraud. (See Ex. A 23-26; 7/30/09 Notice of Supp. Authority at 2-3.) Dr. Hakala's event study in this case suffers from the same flaw and must be rejected. (See Defs.' S.J. Mem. 55-59, 60-62; Defs.' S.J. Reply Mem. 17-21; Defs.' Supp. S.J. Mem. 5; Defs.' Preclusion Mem. 11-12, 14-20; Defendants' Reply Memorandum in Support of Their Motion to Preclude Plaintiff's Experts [Dkt #329] 8-10.)

**5. A valid materialization of the risk must directly concern a specific, previously undisclosed risk**. In Omnicom, the Second Circuit explained that "[b]ecause Omnicom's internet company losses were publicly known, the matter concealed must be the invalidity of Omnicom's accounting for those losses . . . ." (Ex. A at 24.) That risk did not materialize when a director resigned, even if the "resignation and resulting negative press stirred investors' concerns that other unknown problems were lurking in Omnicom's past." (Id. at 26.) Such a "generalized investor reaction of concern . . . is far too tenuously connected . . . to support liability." (Id.) Plaintiff's attempt to apply the materialization of the risk theory in this case is similarly flawed. There is no dispute that the fact of advertising weakness was known, and that the possibility of such weakness posing risks to AOL's ability to meet its own and analysts' projections was also known. (Defs.' S.J. Mem. 25-28; Defs.' S.J. Reply Mem. 9; Defs.' Supp.

S.J. Mem. 4). At most, the only undisclosed risk in this case is the risk that Laura Martin allegedly believed – based on the same public information available to the rest of the market – that AOL would do worse than CSFB was projecting. In claiming that AOL's subsequent underperformance represented the materialization of this risk, Plaintiff has tried to shoehorn the alleged omission of Ms. Martin's beliefs – which could only be disclosed through a corrective disclosure, and indisputably was not disclosed – into a materialization of the risk theory that does not fit the facts of this case. In any event, that AOL ultimately did not meet projections simply did not reveal the "truth" about Martin's beliefs and therefore did not represent the materialization of any risk allegedly concealed by the Defendants. (Defs.' Supp. S.J. Mem. 4-5.) There is absolutely no evidence in the record that Ms. Martin's supposedly true beliefs about AOL were revealed to the market, or that AOL's stock price declined as a result. Accordingly, Plaintiff cannot, under any theory, establish loss causation with respect to Ms. Martin's alleged views.

DATED: March 19, 2010

| | |
|---|---|
| CREDIT SUISSE SECURITIES (USA) LLC, CREDIT SUISSE (USA), INC., AND ELLIOTT ROGERS AND JAMIE KIGGEN, | LAURA MARTIN, |
| By their attorneys, | By her attorneys, |
| /s/ Siobhan E. Mee<br>Robert A. Buhlman (BBO #554393)<br>Siobhan E. Mee (BBO #640372)<br>siobhan.mee@bingham.com<br>BINGHAM McCUTCHEN LLP<br>One Federal Street<br>Boston, MA 02110<br>Tel: (617) 951-8265<br>Fax: (617) 428-6327 | /s/ James R. Carroll<br>James R. Carroll (BBO #554426)<br>james.carroll@skadden.com<br>Eben P. Colby (BBO #651456)<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Beacon Street<br>Boston, MA 02108<br>Tel: (617) 573-4800<br>Fax: (617) 573-4822 |
| -and- | |
| Lawrence Portnoy (admitted *pro hac vice*)<br>Avi Gesser (admitted *pro hac vice*)<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>Tel: (212) 450-4000<br>Fax: (212) 450-3800 | FRANK QUATTRONE,<br><br>By his attorneys,<br><br>/s/ Jeffrey B. Rudman<br>Jeffrey B. Rudman (BBO #433380)<br>Jonathan A. Shapiro (BBO #567838)<br>jonathan.shapiro@wilmerhale.com<br>Timothy J. Perla (BBO #660447) |
| *Attorneys for Defendants*<br>*Credit Suisse Securities (USA) LLC and*<br>*Credit Suisse (USA), Inc.* | WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Tel: (617) 526-6000<br>Fax: (617) 526-5000 |
| -and- | |
| Jeff E. Butler (admitted *pro hac vice*)<br>CLIFFORD CHANCE LLP<br>31 West 52nd Street<br>New York, NY 10019<br>Tel: (212) 878-8000<br>Fax: (212) 878-8375 | -and- |
| -and- | |

| | |
|---|---|
| Warren L. Feldman (admitted *pro hac vice*)<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>Four Times Square<br>New York, NY 10036<br>Tel: (212) 735-2420<br>Fax: (917) 777-2420<br><br>*Attorneys for Defendant Elliott Rogers*<br><br>-and-<br><br>Henry Putzel, III (admitted *pro hac vice*)<br>LAW OFFICE OF HENRY PUTZEL III<br>565 Fifth Avenue<br>New York, NY 10017<br>Tel: (212) 661-0066<br>Fax: (212) 661-0415<br><br>*Attorney for Defendant Jamie Kiggen* | Kenneth G. Hausman (admitted *pro hac vice*)<br>Barbara A. Winters (admitted *pro hac vice*)<br>HOWARD, RICE, NEMEROVSKI,<br>CANADY, FALK & RABKIN<br>A Professional Corporation<br>Three Embarcadero Center, Seventh Floor<br>San Francisco, CA 94111-4024<br>Tel: (415) 434-1600<br>Fax: (415) 217-5910<br><br>*Attorneys for Defendant Frank Quattrone* |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and, except to the extent registered participants at the same firm(s) received copies electronically as identified on the Notice of Electronic Filing, paper copies will be sent to those indicated as non registered participants by U.S. Mail on March 19, 2010.

/s/ Siobhan E. Mee
Siobhan E. Mee

Bingham McCutchen LLP
One Federal Street
Boston, MA 02110