United States District Court
District of Massachusetts

|  |  |
|---|---|
| BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND, GOODMAN FAMILY TRUST, JAMES UPHOFF, MALKA BIRNBAUM, NEIL MCCARTY, and RODNEY NARBESKY,<br>    Consolidated Plaintiffs,<br><br>v.<br><br>CREDIT SUISSE FIRST BOSTON, JAMIE KIGGEN, FRANK QUATTRONE, LAURA MARTIN, and ELLIOT ROGERS,<br>    Defendants. | Civil Action No.<br>02-12146-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

In a Memorandum and Order entered on January 13, 2012 ("the January 2012 M&O"), this Court excluded the event study of Dr. Scott Hakala and granted summary judgment in favor of the defendants. Pending before the Court is plaintiffs' motion to reconsider that ruling.

I. **Background**

The background and procedural history of this case was recounted in detail in the January 2012 M&O and will be rehearsed here only to the extent necessary. In 2003, various cases were consolidated to comprise this securities fraud class action over which United States District Judge Nancy Gertner was assigned to preside. In September 2006, Judge Gertner denied defendants'

-1-

motions to dismiss and, two years later, certified the class.

In a Memorandum and Order entered on August 26, 2011, Judge Gertner provisionally denied defendants' motions for summary judgment without ruling on the admissibility of expert testimony. She explained that "summary judgment - without a full Daubert hearing - is an inappropriate way" to decide the complicated expert issues presented. Because reliance and loss causation, two central elements of plaintiffs' case, "necessarily rely on expert testimony," Judge Gertner intimated that if Dr. Hakala's testimony were excluded, her conditional summary judgment decision would have to be revisited.

Upon Judge Gertner's retirement, the case was transferred to this Session. In December 2011, a Daubert hearing was held at which counsel were given an opportunity to be heard with respect to their expert preclusion motions and Drs. Hakala and Marais testified. On January 13, 2012, the Court rendered its opinion. After finding four critical methodological flaws in Dr. Hakala's event study, the Court excluded that study as unreliable and granted summary judgment sua sponte in favor of the defendants on the grounds that, without the event study, plaintiffs could not raise a triable issue of fact as to loss causation. Shortly thereafter, plaintiffs filed the instant motion for reconsideration.

## II. **Motion for Reconsideration**

### A. **Standard**

Ruling on a motion for reconsideration requires a court to "balance the need for finality against the duty to render just decisions." Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). Reconsideration is warranted only in a limited number of circumstances:

> if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.

United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). Such motions are not vehicles for pressing arguments which could have been asserted earlier or for "re-arguing theories previously advanced and rejected." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). The granting of such a motion is "an extraordinary remedy which should be used sparingly." Id.

### B. **Application**

Plaintiffs present procedural and substantive grounds for reconsideration. First, they contend that the Court misapplied the rules governing the admissibility of expert testimony. Second, they assert that the Court erred by granting summary judgment sua sponte without affording them notice and an opportunity to present curative evidence.

#### 1. **Expert Preclusion**

The Court's ruling to preclude Dr. Hakala's testimony was

rendered after a thorough examination of his expert report, multiple rounds of briefing and a full Daubert hearing which included live testimony from Dr. Hakala himself. Because plaintiffs do little more than advance arguments already considered and rejected by this Court, their motion to reconsider the Court's expert preclusion ruling will be denied.

### 2. Notice

A district court may enter summary judgment sua sponte as long as "discovery is sufficiently advanced that the parties have enjoyed a reasonable opportunity to glean the material facts," and the party against whom judgment is to be entered has been given "notice and a chance to present its evidence on the essential elements of the claim." Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996). Formal notice is not required. As then-Judge Breyer explained,

> [B]eing "on notice" does not mean that [plaintiff] had to receive a formal document called "notice" or that the district court had to say the words "you are on notice' or even that the court had to explicitly tell [plaintiff], "I am thinking of ordering summary judgment for [defendants] sua sponte."

Nat'l Expositions, Inc. v. Crowley Maritime Corp., 824 F.2d 131, 133 (1st Cir. 1987). Rather, the issue is whether the party against whom judgment is to be entered has been given "a meaningful opportunity" to present the best evidence and legal arguments in support of its position. Id. at 31 (affirming sua sponte grant of summary judgment where the plaintiff had repeatedly addressed the relevant facts and legal issues); see

also Young v. City of Providence, 404 F.3d 4, 13 n.4 (1st Cir. 1996) (finding that plaintiff had sufficient notice because the basis for the Court's ruling was raised in defendants' initial summary judgment motion, to which plaintiff had responded).

According to plaintiffs, defendants' motion for summary judgment was denied in full by Judge Gertner and, by entering summary judgment sua sponte, this Session effectively second-guessed her decision. Plaintiffs, however, gloss over the fact that Judge Gertner expressly declined to rule on whether triable issues of fact remained with respect to reliance and loss causation and indicated that if the Court were to preclude the testimony of Dr. Hakala after a Daubert hearing, her summary judgment decision would need to be reconsidered. Far from second-guessing Judge Gertner, this Session has followed her guidance.

Indeed, Judge Gertner specifically suggested that the best course of action would be "follow Judge Zobel's lead in In re Xcelera.com Securities Litigation." In that securities fraud case, summary judgment was provisionally denied until the Court had the chance to rule upon the admissibility of the expert testimony after a Daubert hearing, whereupon the Court precluded the expert (Dr. Hakala, coincidentally) from testifying and granted summary judgment in favor of defendants. This Session has done likewise.

By unambiguously deferring a ruling on loss causation until after the Daubert hearing, Judge Gertner's opinion put plaintiffs on notice that such issues remained pending before the Court. Plaintiffs were given ample opportunity to convince the Court that Dr. Hakala's report was sufficient to establish loss causation. Their inability to do so does not furnish a basis for reconsideration.

Plaintiffs also complain that the Court unfairly changed course after leading them to believe that the action would proceed to trial. As evidence, they point to statements made by the Court at the November 21, 2011 status conference indicating that the case would likely proceed to trial and the Daubert hearing would not be as comprehensive as counsel envisioned. Plaintiffs misconstrue the Court's comments. First, by stating that the chances were high that the case would go to trial, the Court was merely notifying the parties that its general inclination is to let expert witnesses testify. Dr. Hakala is, in fact, the first expert witness precluded from testifying by this Session in many years. Second, the reference to the comprehensiveness of the Daubert hearing was, as the context makes clear, intended to inform the parties that the hearing would be limited in duration. The Court was not degrading its importance.

Finally, plaintiffs maintain that they were prejudiced by

-6-

the Court's sua sponte grant of summary judgment because it prevented them from submitting curative evidence in the form of the Mulcahey Report, a 1,000-page expert report purporting to demonstrate that the methodological flaws pointed out by the Court are correctable. Plaintiffs fail to explain their untimely submission of this report more than three years after the close of fact and expert discovery. The same flaws of which the Court took notice were identified by the defendants as early as April, 2007. Plaintiffs had ample opportunity to respond to them and may not reopen expert discovery at this late stage of the case.

**ORDER**

In accordance with the foregoing, plaintiffs' motion for reconsideration (Docket No. 397) is **DENIED**.

**So ordered.**

                                                         /s/ Nathaniel M. Gorton
                                                         Nathaniel M. Gorton
                                                         United States District Judge

Dated May 17, 2012